

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

May 30, 1974

The Honorable Ted Butler
Criminal District Attorney
San Antonio, Texas 78204

Opinion No. H- 315

Re: The constitutionality of
Article 7150, § 28, V. T. C. S.,
providing a tax exemption for
certain organizations which
hold land for donation to medi-
cal uses

Dear Mr. Butler:

You have asked our opinion on two questions which are:

"(1) Is Section 28 of Article 7150 of the Revised Civil
Statutes of Texas as enacted and added by the 63rd
Legislature, constitutional?

"(2) Assuming that the answer to question (1) above is
Yes, then under the facts presented, will the San
Antonio Medical Foundation qualify as Tax Exempt
pursuant to Article 7150, Section 28, of the Revised
Civil Statutes of Texas?"

The 63rd Legislature added two sections 28 to Article 7150, V. T. C. S.
For the purpose of this opinion we are interested in the one which provides:

"The following property shall be exempt from taxation,
to-wit:

'Sec. 28. Nonprofit corporations holding property for
medical center development. --All real and personal pro-
perty owned by a nonprofit corporation, as defined in the

> Texas Nonprofit Corporation Act, and held for use
> in the development of a medical center area or areas
> in which the nonprofit corporation has donated land
> for a state medical, dental, or nursing school, or for
> other hospital, medical, and educational uses and uses
> reasonably related thereto, during the time remaining
> property is held for the development to completion of
> such medical center and not leased or otherwise used
> with a view to profit, shall be exempt from all ad valorem
> taxation as though such property were, during such time,
> owned and held by the State of Texas for such health and
> educational purposes."

Article 7150 was enacted under the authority of and is limited by Article 8, §§ 1 and 2 of the Texas Constitution which provide in part:

> "Section 1.   Taxation shall be equal and uniform.
> All property in this State, whether owned by natural
> persons or corporations, other than municipal, shall
> be taxed in proportion to its value, which shall be
> ascertained as may be provided by law. . . .

> "Section 2.   All occupation taxes shall be equal and
> uniform upon the same class of subjects within the limits
> of the authority levying the tax; but the legislature may,
> by general laws, exempt from taxation. . . institutions
> of purely public charity; and all laws exempting property
> from taxation other than the property above mentioned shall
> be null and void."

According to the information you supplied us the San Antonio Medical Foundation acquires large areas of land and donates it to various hospitals and other medical institutions. Perhaps the largest beneficiary of the foundation's largess is the University of Texas which is operating or is constructing a medical school, a dental school and a nursing school on land donated by the foundation and is affiliated with at least two teaching hospitals located on land furnished by the foundation.

The traditional test used to determine if an institution is one of purely public charity within the meaning of our constitutional exemption is whether first, it makes no gain or profit; second it accomplishes ends wholly benevolent; and third, it benefits "persons, indefinite in numbers and personalities, by preventing them, through absolute gratuity, from becoming burdens to society and to the state." City of Amarillo v. Amarillo Lodge No. 731, A. F. & A. M., 488 S. W. 2d 69 (Tex. 1972); City of Houston v. Scottish Rite Benevolent Association, 230 S. W. 978 (Tex. 1921). See also San Antonio Conservation Society, Inc. v. City of San Antonio, 455 S. W. 2d 743 (Tex. 1970) where it was held that the preservation of an historic house qualified as a charitable activity entitled to a tax exemption since the definition of charity cannot be limited to almsgiving. Therefore the third requirement of the test is met if an activity affects the people of the community by assuming to a material extent that which might otherwise become the duty or obligation of the community. San Antonio Conservation Society, supra, at 746. Once an institution has met the test, then its property can constitutionally be exempted from taxation so long as that property is itself used exclusively for charitable purposes. City of Amarillo, supra.

It is a cardinal rule of statutory construction that an act will be construed so as to sustain its constitutionality. McKinney v. Blankenship, 282 S. W. 2d 691 (Tex. 1955). Therefore, we believe section 28 should be interpreted as intended to exempt only those institutions whose activities meet the three part test employed in City of Houston v. Scottish Rite, supra, City of Amarillo v. Amarillo Lodge, supra. Any broader interpretation would result in a finding that the exemption falls outside the definition of "purely public charity" and thus is constitutionally invalid.

In addition to passing "public charity" muster, a public charity's property, to be exempted, must be used exclusively for charitable purposes. The use permitted in § 28 and hereunder consideration is not a use encompassed in the normal concept of that word but consists of being "held for use" for future donation for purely charitable purposes.

It is suggested that, in this instance, the act of the medical foundation in donating the land to an appropriate medical organization is the foundation's

"use"of the land for charitable purposes.  If we take this view of the matter, support for the exemption is found in the decision of the Supreme Court of Texas, written by Justice Smedley, in Hedgecroft v. City of Houston, 244 S. W. 2d 632 (Tex. 1951).  Hedgecroft was a corporation organized to operate a hospital for the treatment of poliomyelitis and similar diseases and recognized as an institution of public charity.  Hedgecroft had been denied a tax exemption for the period of time during which its property was being remodeled preparatory to the property's conversion to a hospital.  The Supreme Court reversed and held that Hedgecroft was entitled to an exemption since the remodeling of the premises was appropriate and necessary to its operation for charitable purposes.  By way of limitation, however, the Court indicated that intentions, plans and hopes alone are insufficient to confer the exemption.

So long, then, as § 28 is limited to institutions meeting the three part definition of a public charity we believe that holding property prior to actual donation for a medical, dental or nursing school or for other hospital, medical and educational uses can be considered appropriate and necessary to its use for purely public charitable purposes.

We believe that the Hedgecroft  exception however must be applied narrowly and that each case where the Hedgecroft exception is involved must be examined on its own facts.  Here the foundation has the heavy burden of demonstrating that its holding of the property is necessary as well as appropriate to its ultimate use.  The ultimate use for purely charitable purposes must be certain and not based merely on intentions and plans. Evidence that the premises are being readied for such use should be shown.

We are unable to answer your second question squarely since, even if we assume, as we have, the accuracy of all the facts you have provided, we do not have sufficient information to determine if the foundation's property is entitled to an exemption under the Hedgecroft exception.  For example, we have not been informed of the length of time property is held prior to donation and the reason for which it is held rather than being immediately donated.  Therefore, we are unable to determine whether the foundation's holding of the property is appropriate and necessary to its ultimate purely public charitable use.

## SUMMARY

Article 7150, § 28, V. T. C. S., as interpreted and limited (relating to land held for donation to medical organizations) is constitutional. Whether a particular foundation's property qualifies for a tax exemption depends upon the facts which must be such as to bring the foundation's holding for uses within the guidelines laid down in Hedgecroft v. City of Houston.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee